**Sam MERANDO and Ruth C. MERANDO, Appellants,**

v.

**H. Everett CANNON, Trading as Cannon Engineering Company, Appellee.**

No. 1585.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 13, 1954.

Decided Jan. 5, 1955.

Maurice A. Guervitz, Washington, D. C., for appellants.

Gordon Allison Phillips, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit for $736.31 covering the installation of a heating boiler together with parts and fittings. The defense was that plaintiff had undertaken to do the job for a maximum of $350. Trial resulted in finding and judgment for plaintiff. Bringing this appeal, defendants have assigned errors which are general in nature and basically charge that the decision was wrong on the law and the facts.

The primary question at trial seems to have been what was said between plaintiff and defendant Sam Merando when the work was ordered. During a very cold spell in 1953 Merando phoned Cannon, told him a boiler in his building had failed, and authorized him to replace it with a new boiler. Cannon testified that he told Merando the cost of the installation should not run over $350 if there were no "unforeseen circumstances"; that Merando assured him that this was the ordinary type of boiler replacement and that there would be no un-foreseen circumstances. Merando denied this and said that the contract was made at a fixed figure.

Cannon's field superintendent testified that the old boiler had been set in a ditch in the earth under the building and that because it would have been dangerous to set the new boiler there he had his men construct a cement floor base for it. He described the extreme difficulties he encountered in removing the old boiler and in getting the new one through the building to the ground level. He also testified as to the installation of certain extra items, such as an automatic feeder on which he said Merando insisted, a stack switch ordered installed by Merando's electrical contractor, and a safety switch which was required by the D. C. Building Code.

The trial judge held "that the outcome rested entirely upon the credibility of the parties; that the original price of Three Hundred Fifty ($350.00) Dollars for installation, labor and material was not meant to include extras or unforeseen expense." Appellants have presented no sound reason for holding that such decision was wrong. Indeed it seems quite reasonable to have ruled, as the trial judge did, that because Merando had been engaged in the construction business for a number of years he should have foreseen that the ordering and installation of extras would increase the total price of the project.

Another contention is that plaintiff improperly charged 10% for overhead and 10% for profit. As to this the trial judge found that the parties had established between themselves a practice of making such charges. It must be said that as to this the evidence was somewhat thin. All the record contains on that point is a showing by an invoice that on another (and later) occasion when the situation was reversed and Merando's company did some excavating and grading work for Cannon the same charges were made of 10% for overhead and 10% for profit. This alone probably did not establish a firm and continuing prac-

tice; but being uncontradicted and unexplained it did show that Merando recognized and approved that method of charging for work. Hence the approval of these items was not erroneous.

Affirmed.